

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,829-01

### EX PARTE JOSEPH V. MARTINEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1991CR3079-W1 IN THE 227TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*. HERVEY, J., not participating.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery with a deadly weapon and sentenced to 35 years' imprisonment.

Applicant contends that the parole revocation hearing in 2019 violated due process. *See Morrissey v. Brewer,* 408 U.S. 471 (1972). His specific allegations implicate his right to be heard, including the opportunity to be heard in person and to present witnesses and documentary evidence, and the right to confront and cross-examine adverse witnesses. Applicant asserts that the San

Antonio Narcotics Division made allegations against him to the Board of Pardons and Paroles prior to the revocation hearing and without giving Applicant an opportunity to defend himself. Applicant also asserts that he was not cognizant of his situation and was incompetent to waive his right to a revocation hearing because he had not received medication for his debilitative disorder, "A.H.A.D.D.," for over 48 hours prior to signing the waiver. The trial court finds and concludes that Applicant has not proven his allegations and recommends a dismissal.

However, Applicant has alleged facts which, if true, might entitle him to relief. In these circumstances, additional facts are needed. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied due process in the parole revocation proceedings. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things,

affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: February 26, 2020
Do not publish